**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Donald S. Roth, | ) | No. CV-05-2152-PCT-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jo Anne Barnhart, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

This matter arises on Plaintiff's Motion To Amend Judgment Under Rules 59 Or 60(b) etc. (docket # 27), filed on May 4, 2006. The Court has reviewed and considered the subject Motion, the Government's Response (docket # 29) in opposition thereto and Plaintiff's Reply (docket # 30). The Court will grant the subject Motion in part to correct its inadvertent mistake akin to a typographical error and will deny further relief.

The Court's order (docket # 25), entered on April 24, 2006, inadvertently mentioned "Dr. Cunningham's assessment" when this record does not even mention a Dr. Cunningham, much less an assessment by him or her. The Court agrees with both counsel that this error is similar to a mere typographical error, is immaterial and harmless overall when considering the totality of the twenty-four (24) page order. Nevertheless, the record should be clarified to avoid any future confusion since the Court's intent in the subject order was that Dr. Womack's and Dr. Easley's assessments (Exh. 30F and 14F) should have been credited by the ALJ. The Court will

1  strike the subject sentence and replace it with the one the Court intended. All further relief
2  requested by Plaintiff will be denied.
3      Accordingly,
4      **IT IS HEREBY ORDERED** that, pursuant to Rule 60(b)(1), FED.R.CIV.P.,
5  Plaintiff's Motion To Amend Judgment Under Rules 59 Or 60(b) (docket # 27) is **GRANTED**
6  **in part**. The following sentence on page 21, line 26 to page 22, lines 1 through 3 of this Court's
7  April 24, 2006 order is hereby **STRICKEN**: "The Court concludes that the ALJ should have
8  credited Dr. Cunningham's assessment through the hypothetical question posed to the vocational
9  expert which likely would have resulted in an answer that Plaintiff's physical limitations preclude
10 Plaintiff from further gainful employment."
11     Substituted in the place of the aforesaid sentence is the following sentence: "The
12 Court concludes that the ALJ should have credited Dr. Womack's and Dr. Easley's assessments
13 (Exhs. 30F and 14F) through the hypothetical questions posed to the vocational expert which
14 did result in answers that Plaintiff's limitations preclude Plaintiff from further gainful
15 employment."
16     **IT IS FURTHER ORDERED** that all other requested relief in the subject Motion
17 is **DENIED**.
18     **IT IS FURTHER ORDERED** that the Judgment, entered on April 24, 2006, is
19 hereby **AMENDED** consistent herewith, effective today.
20     DATED this 24th day of May, 2006.

                      */s/ Lawrence O. Anderson*
                      Lawrence O. Anderson
                      United States Magistrate Judge